IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



AUG 28 2019

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>DANIEL OCTAVIO ULLOA,<br><br>Defendant/Movant. | Cause No. CR 99-004-BLG-SPW<br>CV 17-101-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On July 17, 2017, the Ninth Circuit Court of Appeals granted Defendant Daniel Octavio Ulloa leave to file in this Court a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Appointed counsel Wendy Holton appeared for Ulloa on July 25, 2017, and filed an amended § 2255 motion on July 20, 2018.

**I. Background**

Ulloa was initially charged on May 24, 1999, in a second superseding indictment along with 12 codefendants. *See* Second Superseding Indictment (Doc. 78). He was arrested on May 9, 2001, in California. *See* Warrant Return (Doc. 493). On November 15, 2001, the grand jury handed down a third superseding indictment charging only Ulloa, as other defendants' cases had already been resolved. Ulloa was charged with one count of conspiring to possess more than

1

1000 grams of methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 846 (Count 1); eleven counts of possessing specified quantities of methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Counts 2–10, 13, and 14); and two counts of using or carrying firearms during and in relation to drug trafficking crimes, a violation of 18 U.S.C. § 924(c)(1) (Counts 11 and 12). *See* [Third] Superseding Indictment (Doc. 519) at 2–13. Ulloa was represented by *pro hac vice* counsel David Arredondo and Tom Stanley. *See, e.g.*, Minutes Apr. 8 and 9, 2002.

Following a seven-day jury trial in April 2002, the jury convicted Ulloa on all counts submitted to it, but the jury did not find the United States proved the quantities it alleged in Counts 4 and 5.[1] *See* Verdict (Doc. 556) at 1–10. Count 3 was dismissed before trial. *See* Minutes Apr. 8, 2002. The jury did not enter a verdict on it. *See* Verdict (Doc. 556) at 2–3. Nonetheless, Ulloa stands convicted and sentenced on Count 3. *See* Judgment (Doc. 587) at 1; Am. Judgment (Doc. 636) at 1.

A sentencing hearing was held on September 4, 2002. Ulloa faced a mandatory minimum ten-year term on Counts 1, 2, 7, 8, 9, 10, 13, and 14; a five-year minimum on Counts 3, 4, and 6 as well as Count 11, the first of the two §

---

[1] Count 4 alleged one ounce. Count 5 alleged an eighth of an ounce. There are 28.35 grams in an ounce. Neither Count 4 nor Count 5 could have met the 50-gram threshold that appeared on the verdict form.

924(c) counts; and a minimum 25-year term on Count 12, the second § 924(c) count. *See* Presentence Report ¶¶ 60–64.

At the time, the Sentencing Guidelines were mandatory rather than advisory. Ulloa was held responsible for 15 kilograms or more of methamphetamine, representing "all the methamphetamine charged by weight in Counts One through Ten, Thirteen and Fourteen which totals 15.759 kilograms." *See* Presentence Report ¶ 21. (Count 3 charged only an ounce and a half.) On Counts 1–10 and 13 and 14, Ulloa's base offense level was 38. He received a four-point role enhancement. The total offense level was 42. He had zero criminal history points, for a criminal history category of I. Ulloa's guideline range on the drug counts was 360 months to life in prison. On September 4, 2002, Ulloa was sentenced to serve 360 months on those counts plus consecutive terms of 60 months on Count 11 and 300 months on Count 12. *See* Judgment (Doc. 587) at 2.

Ulloa appealed. The appellate court rejected the prosecution's aiding-and-abetting theory of liability on the § 924(c) counts because it failed to prove Ulloa knew the co-conspirators were bartering drugs for guns. The § 924(c) convictions were affirmed solely on a *Pinkerton* theory, because "[i]t was reasonably foreseeable that weapons would be used" in light of the quantity and value of the drugs trafficked and conspirators' familiarity with each other. *See United States v. Ulloa*, 77 Fed. Appx. 965, 966–67, No. 02-30285 (9th Cir. 2003) (unpublished

mem. disp.). Ulloa's appeal of the sentence on the § 924(c) counts succeeded. *See id.* at 967. On remand, he was sentenced to 360 months on the drug counts plus a consecutive 60-month term on Counts 11 and 12. The total prison term was 420 months. *See* Am. Judgment (Doc. 636) at 2.

On August 3, 2015, pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines, Ulloa's sentence on the drug counts was reduced from 360 months to 292 months. *See* [Second] Am. Judgment (Doc. 738) at 1. With the remaining 60-month consecutive term on Counts 11 and 12, Ulloa is now serving a total prison sentence of 352 months.

## II. Ulloa's Second § 2255 Motion

The Court of Appeals granted Ulloa leave to file a second motion in this Court. *See* Order (Doc. 747-2). But obtaining leave to file is only the first of two restrictions Congress imposes on second or successive motions under 28 U.S.C. § 2255. A district court must "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements" for relief specially applied to second or successive motions. 28 U.S.C. § 2255(h) requires Ulloa to show that his "newly discovered evidence, if proven and viewed in light of the evidence as a whole, would be sufficient to show by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. §

2255(h)(1); *see also id.* § 2244(b)(2)(B); *Brown v. Muniz*, 889 F.3d 661, 674 (9th Cir. 2018). "Clear and convincing evidence that no reasonable factfinder would have found [Ulloa] guilty" is a far higher standard than a "reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different," *see Turner v. United States*, __ U.S. __, 137 S. Ct. 1885, 1893 (2017) (quoting *Cone v. Bell*, 556 U.S. 449, 470 (2009)), the standard normally applied to a *Brady* or *Giglio* claim.

Ulloa's motion asserts that AUSA James Seykora, who has, in other cases, withheld information he was required to disclose, failed to disclose in this case payments of "several thousand dollars for rent, moving and child care." *See* Am. § 2255 Mot. (Doc. 764) at 25–26; Exhibit I (Doc. 764-9) at 2–20. Ulloa also contends that his trial counsel violated his Sixth Amendment right to effective assistance because counsel did not use the impeachment evidence the government provided, did not plea bargain, did not develop a reasonable theory of the case, and did not respond to Ulloa's request that he appeal. *See* Am. § 2255 Mot. (Doc. 764) at 7–8 ¶ 22.

### A. Ineffective Assistance Claims

Ulloa's ineffective-assistance claims are linked to claims he made in his first § 2255 motion. On March 13, 2008, the Court received a letter from Ulloa. The letter stated that trial counsel failed to follow through with his promise to appeal

Ulloa's resentencing. After giving Ulloa notice and an opportunity to respond, and after reviewing Ulloa's additional claims against counsel, the Court recharacterized the letter and other submissions as a motion under 28 U.S.C. § 2255, found the motion untimely, dismissed it with prejudice, and denied a certificate of appealability. Ulloa did not appeal.

Counsel's alleged deficiencies are not "newly discovered evidence," as § 2255(h)(1) requires. Ulloa does not argue that, if only counsel's performance had been reasonable, there is a reasonable probability he would have been acquitted on one or more counts or sentenced less harshly. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). And Ulloa concedes, as it appears he must, that his *Strickland* claims are time-barred. *See* Am. § 2255 Mot. at 8 ¶ 23.

These claims must be denied. They do not meet the standard of 28 U.S.C. § 2255(h)(1), and, at any rate, they are time-barred.

### B. *Giglio* Claim

Like at least three other defendants whose convictions were obtained by AUSA Seykora through the trial testimony of cooperating witnesses, Ulloa can point to impeaching evidence Seykora plainly knew of and failed to disclose. Among other documents indicating payments, Seykora's signature appears on a document requesting nearly $4,000 to pay moving expenses for one of his trial witnesses. *See* Ex. I (Doc. 764-9) at 11–12. The final page of the exhibit appears

to be a policy statement, perhaps from the U.S. Attorneys Manual or similar source,[2] providing guidance to attorneys using such payments to help cooperating witnesses. It says:

> As a general principle, any monies paid to a witness . . . may constitute impeachment evidence which relates to a witness's bias or credibility. Therefore, caution dictates that the fact that EWAP payments have been made to a witness be disclosed unless other identifiable interests exists [sic] which militates against disclosure. . . . [T]he prosecutor should seek a protective, or *in Limine*, order from the Court.

Am. § 2255 Mot. Ex. I at 20 (referring to Emergency Witness Assistance Program). Despite specific guidance, it appears the United States' payments to this witness were not disclosed to Ulloa's counsel.

Yet, as Ulloa acknowledges, it is unlikely that failure to disclose these payments amounts to a constitutional violation. The witness in question was only one of several, she was impeached on many fronts, and counsel believes Seykora disclosed the other information he should have disclosed. For these reasons, Ulloa cannot meet the high bar of § 2255(h)(1). His allegations do not support an inference that he would have been acquitted on one or more counts but for Seykora's withholding of several thousands dollars in payments he should have

---

[2] The document lacks proper foundation, but it is quoted here only to indicate a strong likelihood that Seykora subjectively knew he should disclose the payments. Whether he knew or not, he certainly should have known, not because this document said so but because the law said so.

7

disclosed. The *Giglio* claim must be denied.

**C. Reduced Sentence**

Recognizing his claims are weak and the legal standard is demanding, Ulloa asks the Court to ask the United States to recognize his filing of a second § 2255 motion as an opportunity to do justice by reducing the sentence. *See* Am. § 2255 Mot. (Doc. 764) at 31 (citing *United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y. 2014)).

The sentence is lengthy. But it does not reflect "stacked" § 924(c) charges,[3] as *Holloway* did. *See Holloway*, 68 F.Supp.3d at 312–13. Ulloa received a total sentence of 60 months on two § 924 counts, the shortest sentence available under § 924(c). Pursuant to Amendments 782 and 788 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), he also received a reduced sentence on the drug counts, from 360 months to 292 months. *See* [Second] Am. Judgment (Doc. 738) at 1. His total prison sentence is now 352 months. Lengthy though it is, the sentence is not out of proportion with other offenders in this District who are convicted of similar crimes and a gun charge under § 924(c) and are found responsible for similar quantities of methamphetamine.

---

[3] This is a bit obscure in the record, because the previous judgments did not list Counts 11 and 12 on the first or second page of the judgment, as is usually the case. To ascertain Ulloa's convictions and sentences, the Court obtained the third superseding indictment, the jury's verdict, and the jury instructions from the archives and added them to the electronic record.

In one respect, Ulloa's sentence might reasonably be expected to be less harsh if imposed anew today. It is clear now that a sentencing court may take into account any mandatory consecutive term under § 924(c) in the course of deciding what sentence is "sufficient, but not greater than necessary" to achieve a reasonable sentence on other counts. *See Dean v. United States*, __ U.S. __, 137 S. Ct. 1170, 1176–77 (2017) (abrogating *United States v. Working*, 287 F.3d 801, 807 (9th Cir. 2002); *see also, e.g., United States v. Hatcher*, 501 F.3d 931, 933–34 (8th Cir. 2007); *United States v. Roberson*, 474 F.3d 432, 436–37 (7th Cir. 2007).

But *Dean* does not apply retroactively to cases on collateral review. *See Garcia v. United States*, 923 F.3d 1242, 1246 (9th Cir. 2019). In other words, the Supreme Court's decision in *Dean* does not give Ulloa a right to be resentenced. Other defendants situated similarly to Ulloa will not obtain resentencing and will serve sentences that might have been shorter if they had been imposed after *Dean*, so, again, Ulloa's sentence is not out of proportion with the sentences of other, similarly situated offenders.

Ulloa could benefit from *Dean* if he obtained resentencing on other grounds. Prevailing on a § 2255 motion could result in resentencing. But, as explained above, Ulloa does not meet the criteria he must meet in order to proceed with his second motion under 28 U.S.C. § 2255. That being so, the United States need not further defend the conviction or sentence.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack*, 529 U.S. at 484).

Although Ulloa makes a substantial showing that he was deprived of a constitutional right under *Giglio v. United States*, 405 U.S. 150 (1972), reasonable jurists would not disagree with the procedural ruling. His allegations simply do not meet the high standard of 28 U.S.C. § 2255(h)(1). A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Ulloa's second motion under 28 U.S.C. § 2255 (Doc. 764) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall

immediately process the appeal if Ulloa files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-101-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Ulloa.

DATED this 27th day of August, 2019.

Susan P. Watters
United States District Court